UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALPHONSO EDWARDS, | : | |
| Petitioner, | : | Civil Action No.: 14-0080-BRM |
| v. | : | **OPINION** |
| STEPHEN D'LLIO, et al., | : | |
| Respondents. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, brought by *pro se* Petitioner Alphonso Edwards ("Petitioner"), challenging a conviction by the State of New Jersey for first-degree armed robbery and related charges. The State filed an Answer addressing the merits of Petitioner's claim (*see* Ans. (ECF No. 8)), and Petitioner filed a Traverse (ECF No. 10). For the reasons stated below, the Petition is **DENIED**.

**I.    FACTUAL BACKGROUND**

Petitioner was convicted of first-degree robbery and related crimes for an incident that occurred on September 3, 2005.[1] Armed with a knife and covering his face with a mask and baseball cap, Petitioner robbed a liquor store in Neptune Township, New Jersey. The robbery, however, did not go as he planned, and a struggled ensued between him and the store employees, who were able to forcibly remove his disguise before he fled the scene. At trial, the State presented overwhelming evidence against Petitioner, including surveillance footage from the

---

[1] The Court relies on the facts of the case as recited by the state appellate court on direct appeal. *See State v. Edwards*, No. A-2241-07T4, slip op. at 2-5 (N.J. Sup. Ct. App. Div. July 27, 2009) (ECF No. 8-5).

store, eyewitness identification from the store employees and, most damningly, DNA evidence using DNA recovered from the mask and cap removed by the store employees.

Petitioner raised a single defense at trial: voluntary intoxication. Essentially, he alleged he has been a habitual substance abuser from a young age, starting with alcohol and later with cocaine, and at times he could be so drunk he would black out for days. He further alleged that, two days before the robbery, he experienced such a blackout from his substance abuse that lasted five days, and he remembered nothing during that time. He was convicted in a jury trial.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

When a claim has been adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012). A state-court decision involves an "unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or

unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and thus give the benefit of the doubt to state court decisions. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (factual determinations of state trial and appellate courts are presumed to be correct).

### III. DECISION

#### A. Unexhausted Claims

In the Petition, Petitioner raises seven grounds for relief. The State argues that Grounds Three, Four, and Five are unexhausted and should be denied. (ECF No. 8 at 12.) Petitioner concedes these grounds are unexhausted. (ECF No. 10 at 2.) However, while Petitioner makes such a concession and agrees to withdraw these claims, he simultaneously argues "[i]t is within this Court's purview to consider any unexhausted claim and to decide the matter on its merits." (*Id.*) The latter assertion is incorrect—"an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A) (emphasis added).

Having reviewed these claims, the Court finds Grounds Three and Four raise substantially the same claims as Grounds Six and Seven, and Ground Five is a cumulative-errors claim. Because Grounds Three and Four are redundant, and as Petitioner concedes, Ground Five is likely procedurally defaulted (ECF No. 10 at 2), the Court accepts Petitioner's withdrawal, and these claims are dismissed.[2]

### B. Ground One – Prosecutorial Misconduct

In this ground, Petitioner argues the prosecution impermissibly influenced the jury during closing argument and lowered its standard of proof against a voluntary intoxication defense than was necessary under relevant case law. Specifically, Petitioner asserts the prosecution defined "prostration of faculties," required under state law to establish intoxication, as "lying flat on the ground and overcome, reduced to helplessness," whereas the law only required Petitioner to be "so intoxicated as to be unable to purposely or knowingly" commit the offense. (ECF No. 10 at 5.) However, Petitioner concedes proper jury instructions regarding the intoxication defense were given by the trial court. (*Id.*) This claim was raised and addressed by the state court on direct appeal.

In order for a prosecutorial misconduct claim to warrant federal habeas relief, the prosecutor's comments must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180 (1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Id.* at 181. When prosecutor's

---

[2] Petitioner's cumulative-errors claim is likely barred by multiple state court rules that would prevent exhaustion, including but not limited to the five-year limitations period for first-time PCR claims, N.J. Ct. R. 3:22-12(a)(1), the one-year limitations period for second or successive PCR petitions, N.J. Ct. R. 3:22-12(a)(2), and the bar against claims that could have been raised in prior proceedings but were not, N.J. Ct. R. 3:22-4(a) & -4(b)(2)(B).

4

comments raise appropriate considerations relevant to the criminal case, there is no prosecutorial misconduct. *Parker*, 132 S. Ct. at 2155.

Here, the appellate court held that any potential prejudice by the prosecution's comment was harmless, because the trial court properly charged the jury to disregard statements of the law by the prosecution and defense, and to accept only the law as stated by the trial court. *State v. Edwards*, No. A-2241-07T4, slip op. at 7 (N.J. Sup. Ct. App. Div. July 27, 2009) (ECF No. 8-5). The appellate court also found the trial court delivered the proper instructions to the jury regarding the intoxication defense. *Id.* Petitioner challenges the finding of harmless error by arguing that "[a]ny action by a prosecutor which results in a conviction and the loss of one's liberty can never be deemed harmless error." (ECF No. 10 at 5.) Given that, typically, in our criminal justice system, only a defendant who has been convicted can appeal, Petitioner's argument would essentially eliminate the doctrine of harmless error altogether—an argument for which he cites no supporting case law and which directly contradicts the law on prosecutorial misconduct recited above.

Based on the state court's factual findings—that the trial court properly instructed the jury to ignore any definition proffered by the parties and that it adequately provided the jury with the correct instructions regarding the intoxication defense, neither of which Petitioner disputes with clear and convincing evidence—the Court cannot find the state court's holding, that the prosecution's comment in closing was harmless, was an unreasonable application of established federal law. It is reasonable for the state court to find that any possible prejudicial effect of the prosecution's comment was negated by the trial court's instructions to ignore the prosecution's definitions of law, so the prosecution's comment did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. As such, relief on this ground is denied.

**C. Ground Two – Lesser Included Offense**

In this ground, Petitioner argues the manner with which the trial court gave its jury instructions, regarding the lesser-included offense of theft, had somehow influenced the jury not to convict him of the lesser-included offense. (ECF No. 10 at 7.) This ground was raised on direct appeal in state court, and the appellate court did not provide a reason for rejecting this claim. (*See* ECF No. 8-5 at 7.)

It is not entirely clear what Petitioner's claim is. Indeed, in the Traverse, he appears to make contradicting arguments. First, he argues the inclusion of the lesser-included offense may have been erroneous because there was no rational basis for its inclusion. (ECF No. 10 at 8.) He then argues in order for the trial court to decide that a lesser-included offense instruction is appropriate, it must first find: (1) acquittal on the more serious offense was plausible, and (2) there was a rational basis for the jury to convict Petitioner on the lesser-included offense. (*Id.*) Finally, he makes the unsupported argument that, once the trial court decided to include an instruction on the lesser-included offense, it must present the instruction in a manner as to suggest the lesser-included offense is an "alternate" theory of conviction, and not a "fallback" to the actual charged crime. (*Id.*)

As both the Supreme Court and the Third Circuit have explained, the purpose of a lesser-included offense instruction is to provide the jury with a viable alternative other than conviction or acquittal of the more serious crime, so that "the jury will accord the defendant the full benefit of the reasonable-doubt standard." *Beck v. Alabama*, 447 U.S. 625, 634 (1980); *see Vujosevic v. Rafferty*, 844 F.2d 1023, 1027 (3d Cir. 1988). "This requirement is based on the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free." *Vujosevic*, 844 F.2d at

1027. Indeed, under federal law, before a lesser-included offense instruction may be given, most circuits require findings that (1) the elements required to prove the lesser-included offense be a subset of the elements required for the charged crime, and (2) rational basis exists on the record that would permit the jury to acquit the defendant of the charged crime *and* convict the defendant of the lesser offense. *See United States v. John*, 849 F.3d 912, 920 (10th Cir. 2017); *United States v. Rainbow*, 813 F.3d 1097, 1105 (8th Cir. 2016); *United States v. Nur*, 799 F.3d 155, 159 (1st Cir. 2015); *United States v. Ambriz*, 727 F.3d 378, 381 (5th Cir. 2013); *United States v. LaPointe*, 690 F.3d 434, 439 (6th Cir. 2012); *United State v. Pillado*, 656 F.3d 754, 761 (7th Cir. 2011); *United States v. Crowe*, 563 F.3d 969, 972 (9th Cir. 2009); *United States v. Snype*, 441 F.3d 119, 141 (2d Cir. 2006). Essentially, the lesser included offense is not meant to supersede or replace the charged crime; doing so would be an impermissible encroachment by the judiciary upon the executive's absolute authority and discretion to prosecute. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

But that is exactly what Plaintiff's argument amounts to. He argues the trial court erred because the instructions given by the trial court precluded a scenario where if the jury found that Petitioner was guilty of both the charged crime and the lesser-included offense, it could "choose" to convict him of the lesser crime as opposed to the greater crime. Petitioner, in essence, seeks to turn the lesser-included-offense doctrine on its head, so that even if prosecution chose to charge a defendant with a crime and carried its burden of proof at trial, a defendant may still have a *constitutionally protected right* to have the trial court instruct the jury in such a way as to ignore the greater offense. There is no such right; it has already been summarily rejected by the Supreme Court:

> [A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater.

*Sansone v. United States*, 380 U.S. 343, 350 (1965). Under established federal law, the only way for the jury to convict Petitioner of the lesser-included offense was to first find he was innocent of the greater offense, which was exactly the instruction the trial court gave to the jury. (*See* ECF No. 10 at 7-8.) However, in this case, the jury convicted Petitioner of the greater crime. Accordingly, the state court's rejection of this claim was a reasonable application of established federal law, based on a reasonable determination of the facts, and relief on this ground is denied.

### D. Ground Six – Inconsistent Defenses

In this ground, Petitioner argues trial counsel was ineffective because she presented two inherently contradictory defenses; namely, on the one hand, counsel argued Petitioner was not the offender, but on the other hand, counsel argued Petitioner was the offender but did not have the requisite mindset to be guilty of the charged offense. This claim was presented to the state court on post-conviction relief ("PCR"), and the appellate court held the defenses were not inconsistent. *State v. Edwards*, No. A-0370-11T2, slip op. at 5 (N.J. Sup. Ct. App. Div. Feb. 15, 2013) (ECF No. 8-13).

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's

representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness." *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Here, the appellate court held counsel was not ineffective because the defenses were not inconsistent. As the appellate court explained, in a criminal case, prosecution bears the burden of proving that Petitioner was the offender, and it was entirely consistent to raise both the defenses that (1) prosecution had not met its burden of proving that Petitioner was the offender, and (2) even if it did meet that burden, it failed to prove that Petitioner had the requisite mental intent to commit the offense. (ECF No. 8-13 at 5-6.) These defenses were not, contrary to Petitioner's contention, diametrically opposed. By raising these defenses, counsel was reminding the jury it must first find Petitioner was the perpetrator of the criminal act before deciding whether Petitioner had the requisite mindset; if the answer to the first question was negative, the second question would be irrelevant.

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

Petitioner argues that, by raising the first defense, counsel undermined the success of the second defense. (ECF No. 10 at 15.) Petitioner believes, without explanation, an admission to the commission of the criminal act would somehow make the jury more likely to accept the intoxication defense. He cites to no case law, let alone a Supreme Court case, where any court has accepted this argument. Moreover, Petitioner offers no argument or evidence to show that, had counsel omitted the first defense, the outcome of the trial would have been different. Therefore, the Court finds the state court's holding was a reasonable application of established federal law, based on a reasonable determination of the facts, and relief on this ground is denied.

### E. Ground Seven – *Voir Dire*

In this ground, Petitioner argues both trial and appellate counsel were ineffective for not raising a claim that the trial court erred by not questioning each potential juror individually at *voir dire*, in violation to a state court directive in operation at the time of his trial. This claim was raised on PCR, and the appellate court found, essentially, that there was no prejudice, because the trial court's alleged error did not undermine the confidence in the jury's verdict. (ECF No. 8-13 at 6-7.)

The Court finds the state court's holding to be a reasonable application of established federal law, based on a reasonable determination of the facts. Petitioner does not explain how he would have been prejudiced by counsel's alleged errors. With regard to the trial counsel, Petitioner does not explain how a timely objection by the trial counsel would have (1) affected the makeup of the jury, as there is no indication on the record that, had the trial court conducted the individual questioning, different jurors would have been selected; and (2) affected the outcome of the trial, even if a different jury was selected. As the above case law makes clear,

simply alleging a minor error by the trial counsel, even if true, does not by itself state an ineffective assistance of counsel claim.[4]

Likewise, with regard to the appellate counsel, Petitioner does not explain how the outcome of his appeal would be different had appellate counsel highlighted the trial court's alleged error on direct appeal. Instead, the appellate court's holding on PCR suggests the opposite, that it would have held the trial court's alleged error harmless. (*Id.*) There is simply nothing in the record to support Petitioner's ineffective assistance of counsel claims, because he has made no showing of prejudice, just as the state court found. As such, relief on this ground is denied.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

---

[4] It is abundantly clear from Petitioner's brief that what he really wishes to challenge is the trial court's alleged failure to adhere to the state court directive. (ECF No. 10 at 16.) However, that claim would rely on an error of state law, which is not cognizable on federal habeas. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

## V. CONCLUSION

For the reasons set forth above, the Petition is **DENIED**, and a certificate of appealability is **DENIED**.

**Date: May 9, 2018**                     */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**